IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ALAN PENNINGTON, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-11-3443 |
| | § | |
| ALTA MESA HOLDINGS, L.P., | § | |
| *et al.*, | § | |
|     Defendants. | § | |

## MEMORANDUM AND ORDER

This case is before the Court on Plaintiff Alan Pennington's Motion for Recertification Pursuant to 28 U.S.C. § 1292(b) ("Motion") [Doc. # 38], to which Defendants filed a Response [Doc. # 39]. Plaintiff neither filed a reply nor requested an extension of time to do so. Having reviewed the full record and applied governing legal authorities, the Court **denies** Plaintiff's Motion.

"When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation," the judge shall so state in writing. 28 U.S.C. § 1292(b). Before certifying an order for interlocutory appeal, the district court must find: "(1) a controlling issue of law must be involved; (2) the question must be one

where there is substantial ground for difference of opinion; and (3) an immediate appeal must materially advance the ultimate termination of the litigation." *In re Ichinose*, 946 F.2d 1169, 1177 (5th Cir. 1991); *see also Gulf Coast Facilities Mgmt., LLC v. BG LNG Servs., LLC*, 730 F. Supp. 2d 552, 565 (E.D. La. 2010).

In this case, the Court denied Plaintiff's Motion to Remand, concluding that the Change in Control Severance Plan at issue was an ERISA plan. *See* Memorandum and Order [Doc. # 23], entered December 5, 2012. Another judge in this federal district had previously denied a Motion to Remand involving a similar severance plan. *See Clayton v. ConocoPhillips*, Civil Action No. H-08-3447 (Lake, J.). A third judge in this federal district had previously held that the same severance plan at issue here was not an ERISA plan and remanded that case to state court. *See Ives v. Alta Mesa Holdings*, Civil Action No. H-11-0742 (Hoyt, J.). This Court agreed with Judge Lake's reasoning and decision in *Clayton*, and denied remand.

By Memorandum and Order [Doc. # 30] entered February 11, 2013, the Court granted Plaintiff's unopposed Motion for Certification and certified an interlocutory appeal. Plaintiff failed to file a timely request for appeal with the Fifth Circuit and, as a result, the interlocutory appeal was dismissed. *See* Per Curiam Order [Doc. # 34].

After the Court issued its December 2012 Memorandum and Order, the Fifth Circuit affirmed Judge Lake's decision in *Clayton*. *See Clayton v. ConocoPhillips Co.*, __ F.3d __, 2013 WL 3357574 (5th Cir. July 3, 2013). As a result, there is no longer substantial ground for difference of opinion and an immediate appeal will not materially advance the ultimate termination of the litigation. Consequently, it is hereby

**ORDERED** that Plaintiff's Motion for Recertification [Doc. # 38] is **DENIED**.

SIGNED at Houston, Texas, this 20th day of **August, 2013.**

Nancy F. Atlas
United States District Judge