IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ALAN PENNINGTON, § | | |
|     Plaintiff, § | | |
| § | | |
| v. § | | CIVIL ACTION NO. H-11-3443 |
| § | | |
| ALTA MESA HOLDINGS, L.P., § | | |
| *et al.*, § | | |
|     Defendants. § | | |

## MEMORANDUM AND REMAND ORDER

This case is before the Court on Plaintiff Alan Pennington's Motion for Leave to file an amended complaint ("Motion") [Doc. # 67], to which Defendants filed a Response [Doc. # 71], and Plaintiff filed a Reply [Doc. # 72]. Having considered the parties' briefing, the applicable legal authorities, and all matters of record, the Court **denies** Plaintiff's Motion to the extent he seeks leave to add a claim under the Employee Retirement Income Security Act ("ERISA").

Plaintiff has failed to assert an ERISA claim, and his state law claims seeking to recover benefits under an ERISA plan are preempted. Absent complete diversity of citizenship between Plaintiff and Defendants, this Court lacks subject matter jurisdiction. Consequently, the Court **remands** the claims relating to the parties' Employment Agreement to state court.

## I.     BACKGROUND

Plaintiff was employed as an exploration geologist for Meridian Resources & Exploration, LLC ("Meridian"). In 2008, Plaintiff and Meridian entered into an Employment Agreement which provided that Plaintiff would receive eighteen (18) months salary and benefits if Plaintiff's employment terminated under certain circumstances. Additionally, Meridian adopted a Change in Control Severance Plan (the "Plan") that required Meridian to pay a one-time cash severance benefit to a covered employee, including Plaintiff, if the employee resigned for "Good Reason" within one year of a Change of Control.

In May 2010, Defendant Alta Mesa Holdings, L.P. ("Alta Mesa") merged with Meridian. The Alta Mesa/Meridian merger constituted a Change of Control under the Plan. Within the one-year period after the Change of Control, Plaintiff resigned. Plaintiff applied for benefits under the Employment Agreement and the Plan, but his claims for benefits were denied.

On August 26, 2011, Plaintiff filed this lawsuit in Texas state court. Plaintiff asserted a breach of contract claim as to the Employment Agreement and the Severance Plan, a fraud claim that appears to relate to both the Employment Agreement and the Severance Plan, and a breach of fiduciary duty claim that relates only to the Plan. On September 22, 2011, Defendants filed a timely Notice of

Removal, asserting that the claims relating to the denial of benefits under the Plan were preempted by ERISA. The Court subsequently held that the Plan is an ERISA plan under federal law. *See* Memorandum and Order [Doc. # 23].

After an adequate time to complete discovery, Defendants moved for summary judgment. In their Motion for Summary Judgment, Defendants note correctly that Plaintiff has not asserted an ERISA claim, that no named Defendant is the Plan sponsor or administrator, and that no named Defendant is a party to the Employment Agreement. Plaintiff then filed his Motion, seeking leave to amend his Complaint to add an ERISA claim, to add the Plan as a defendant, and to add a new party in connection with the Employment Agreement claims. As explained below, the Court denies Plaintiff's Motion for Leave to amend to add the ERISA claim. Additionally, because there is no ERISA claim and because complete diversity does not exist between Plaintiff and Defendants, the Court lacks subject matter jurisdiction over the remaining claims.

## II.   LEAVE TO AMEND

The deadline for amendments to pleadings in this case was March 28, 2012, almost two years before Plaintiff filed his Motion seeking leave to file an amended complaint. Where a scheduling order has been entered establishing a deadline for amendments to pleadings, Federal Rule of Civil Procedure 16(b)(4) provides the

standard for requests to amend after a scheduling order's deadline has expired. *See E.E.O.C. v. Serv. Temps Inc.*, 679 F.3d 323, 333-34 (5th Cir. 2012); *Marathon Financial Ins., Inc. v Ford Motor Co.*, 591 F.3d 458, 470 (5th Cir. 2009); *Fahim v. Marriott Hotel Servs., Inc.*, 551 F.3d 344, 348 (5th Cir. 2008). "Rule 16(b) provides that once a scheduling order has been entered, it 'may be modified only for good cause and with the judge's consent.'" *Marathon*, 591 F.3d at 470 (quoting FED. R. CIV. P. 16(b)). Rule 16(b) requires a party "to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *Id.* (quoting *S&W Enters., LLC v. Southtrust Bank of Ala., NA,* 315 F.3d 533, 535 (5th Cir. 2003)). To determine whether the moving party has established good cause, the Court considers the following four factors: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *Id.* (quoting *Sw. Bell Tel. Co. v. City of El Paso,* 346 F.3d 541, 546 (5th Cir. 2003)); *see also Serv. Temp*, 679 F.3d at 334. In this case, the Court has considered first these four factors in connection with Plaintiff's request to amend his complaint to add an ERISA claim.

### A. Background

In their Notice of Removal, filed September 22, 2011, Defendants stated that "As Plaintiff seeks severance benefits under the Plan, his breach of contract, fiduciary duty and fraud claims related to the Plan are completely preempted by ERISA . . . ." *See* Notice of Removal [Doc. # 1], ¶ 10. In their Answer filed October 7, 2011, Defendants asserted that "ERISA preempts Plaintiff's state contract, fraud, and fiduciary duty claims." *See* Answer [Doc. # 5], ¶ 123. At the initial scheduling conference on January 9, 2012, the Court – in consultation with counsel – issued a Docket Control Order establishing March 28, 2012, as the deadline for amendments to pleadings. *See* Docket Control Order [Doc. # 12]. At that time, Plaintiff had been advised twice of Defendants' position that ERISA preempted the state law claims relating to Plan benefits. During the following two years, Plaintiff did not file an amended complaint to assert, even on an alternative basis, claims under ERISA.

By Memorandum and Order [Doc. # 23] entered December 5, 2012, the Court ruled that the Plan was an ERISA plan.[1] Plaintiff did not request leave to amend his Complaint to add an ERISA claim.

---

[1] The Court granted leave for an interlocutory appeal. *See* Memorandum and Order [Doc. # 30]. Because the petition for leave to appeal was not received in the Fifth Circuit by the February 21, 2013 deadline, the interlocutory appeal was dismissed. *See* Per Curiam Opinion [Doc. # 34].

On January 24, 2013, Plaintiff filed a Motion [Doc. # 25] requesting extensions of the discovery and motions deadline, but did not request an extension of time to amend his complaint to add an ERISA claim. The Court granted Plaintiff's Motion by Order [Doc. # 26] entered January 25, 2013. At a conference on October 9, 2013, the Court again extended the discovery and motions deadlines, but there was no request for an extension of the deadline for amendments. *See* Hearing Minutes and Order [Doc. # 44]. On December 6, 2013, the parties filed a Joint Motion for Continuance of Scheduling Order [Doc. # 45], requesting an extension of the discovery and motions deadlines, but not of the deadline for amendments.

On February 21, 2014, Defendants filed their Motion for Summary Judgment, noting correctly that Plaintiff had not asserted an ERISA claim. On March 24, 2014, Plaintiff for the first time requested leave to amend his complaint to add a claim under ERISA.

**B.    Explanation for Failure to Move Timely**

Plaintiff notes correctly that, as a general rule, a plaintiff should be allowed to replead state law claims as ERISA claims where, as here, the Court has ruled that the subject plan is an ERISA plan. *See* Motion, ¶ 5 (citing *Ward v. CNH Am., LLC, Ind.*, 2012 WL 3072927, *5 (N.D. Tex. July 27, 2012) (Lindsay, J)); *see also Ellis v. Liberty Life Assur. Co. of Boston*, 394 F.3d 262, 268 (5th Cir. 2004) (holding that

district court does not abuse its discretion under Rule 15 by granting leave to amend to assert ERISA claim). As noted by Judge Sam Lindsay in *Ward*, however, leave "to replead to state ERISA claims is typically granted early on in the proceedings." *Ward*, 2012 WL 3072927 at *5. Plaintiff here, however, waited almost two years before seeking leave to amend to add an ERISA claim.

Plaintiff argues that he was misled by comments by defense counsel during the conference on January 9, 2012. At that time, counsel were discussing with the Court whether additional parties would need to be added as defendants. Plaintiff stated that a plan participant in a related case "brought the plan in. I didn't. I don't think I need to." *See* Initial Conference Transcript [Doc. # 53], p. 12. Defense counsel stated, "I think the entities are lined up well so I don't see there will be any additional ones." *Id.* at 13. There is nothing in defense counsel's statement, made during a discussion of adding new parties, supports Plaintiff's decision to wait well over a year before seeking leave to add a new claim.

Plaintiff did not seek leave to amend to add an ERISA claim until well more than two years after Defendants asserted in the Notice of Removal and in their Answer that the state law claims relating to Plan benefits were preempted by ERISA, and almost two years after the deadline for amendments to pleadings. Plaintiff has failed

to provide an adequate explanation for failing to seek leave to amend to add an ERISA claim for such an extended period of time.

### C.   Importance of Amendment

The requested amendment is important to allow Plaintiff to seek recovery of Plan benefits. The importance of the amendment is mitigated, however, since Plaintiff will likely be allowed to seek recovery of benefits under the Employment Agreement following remand to state court.

### D.   Potential Prejudice to Defendants

This case has been pending since 2011. Discovery has closed and a dispositive motion has been filed. The late addition of an ERISA claim will significantly increase the complexity of the lawsuit. Plaintiff has raised the issue of collateral estoppel based on a related state court lawsuit. Defendant has noted that the addition of an ERISA claim, particularly one asserting that certain Plan amendments were invalid, will present issues of exhaustion of the Plan's administrative claims process under the unamended Plan. Following exhaustion, it is likely that a new request for judicial review will be filed, involving additional discovery and dispositive motions. Therefore, granting leave for Plaintiff to amend to add a new claim at this late stage of the proceedings would prejudice Defendants by causing undue delay and increased costs.

### E. <u>Availability of Continuance</u>

A continuance will not avoid the prejudice to Defendants caused by undue delay and increased costs. Additionally, this case has been pending for quite some time and, therefore, the Court is not inclined to extend the expired and remaining deadlines in this case.

### F. <u>Conclusion on Leave to Amend</u>

Plaintiff has failed to show good cause under Rule 16 for allowing him to amend his complaint almost two years after the deadline for amendments. Plaintiff has particularly failed to offer an adequate explanation for not amending his complaint to assert an ERISA claim before the deadline. Because there has not been a showing of good cause under Rule 16, the Motion is denied.

## III. <u>SUBJECT MATTER JURISDICTION</u>

Defendants removed this lawsuit from Texas state court on the basis of ERISA jurisdiction. Plaintiff's state law claims that are based on the denial of Plan benefits are preempted by ERISA. *See Hogan v. Kraft Foods*, 969 F.2d 142, 144 n.7 (5th Cir. 1992) (citing *Hermann Hospital v. MEBA Medical & Ben. Plan*, 845 F.2d 1286 (5th Cir. 1988)) (breach of contract, fraud, and breach of fiduciary duty claims); *see also Smith v. Tex. Children's Hosp.*, 84 F.3d 152, 155 (5th Cir. 1996) (breach of contract and breach of fiduciary duty claims); *Reliable Home Health Care, Inc. v. Union Cent.*

*Ins. Co.*, 295 F.3d 505, 516 (5th Cir. 2002) (fraud claim). Plaintiff has failed to assert an ERISA claim, and the request to do so at this late stage of the proceedings has been denied. As a result, there is no federal question jurisdiction based on an ERISA claim.

It is undisputed that Plaintiff is a citizen of Texas, and Defendant Alta Mesa is a Texas limited partnership. Absent complete diversity of citizenship, and absent a federal claim, the Court lacks jurisdiction over the breach of contract and fraud claims that relate to the Employment Agreement.

Under 28 U.S.C. § 1367(c)(3), the Court may decline to exercise supplemental jurisdiction over Plaintiff's state law claims based on the Employment Agreement. *See Bass v. Parkwood Hospital*, 180 F.3d 234, 246 (5th Cir. 1999). These claims are more properly dealt with in the state courts of Texas. *See Robertson v. Neuromedical Center*, 161 F.3d 292, 296 (5th Cir. 1998) ("Certainly, if the federal claims are dismissed before trial, . . . the state claims should be dismissed as well."); *Parker & Parsley Petroleum Co. v. Dresser Industries*, 972 F.2d 580, 585 (5th Cir. 1992) ("Our general rule is to dismiss state claims when the federal claims to which they are pendent are dismissed."). The Court declines to exercise supplemental jurisdiction over the Employment Agreement claims, and those claims will be remanded to Texas state court.

The Court expresses no opinion regarding whether Plaintiff should be permitted to amend the complaint following remand to add additional defendants in connection with the Employment Agreement claims. That matter must be addressed under state procedural rules.

## IV.   CONCLUSION AND ORDER

Based on the foregoing, the Court concludes that Plaintiff has failed to establish good cause under Rule 16 in connection with the request to amend his complaint to add an ERISA claim. As a result, it is hereby

**ORDERED** that Plaintiff's Motion for Leave [Doc. # 67] is **DENIED** as to an amendment to add an ERISA claim, and **DENIED WITHOUT PREJUDICE** as to the addition of new parties. It is further

**ORDERED** that the remaining claims in this case are **REMANDED** to the 129th Judicial District Court on Harris County, Texas, for lack of subject matter jurisdiction.

SIGNED at Houston, Texas, this 21st day of **April, 2014.**

Nancy F. Atlas
United States District Judge